## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **COMMON CAUSE INDIANA** </br> Plaintiffs, </br> </br> v. </br> </br> **CONNIE LAWSON, et. al.** </br> Defendants, | ) </br> ) </br> ) </br> ) **CAUSE NO. 1:20-CV-1825-RLY-TAB** </br> ) </br> ) </br> ) </br> ) |

**MOTION TO DISMISS AS TO DEFENDANT RANDALL VONDERHEIDE**

Comes now Defendant Randall Vonderheide, by counsel, and submits this motion to dismiss under Trial Rule 12(b)(1) and, in support, states as follows:

1. This matter should be dismissed as to Mr. Vonderheide because the Court lacks subject matter jurisdiction over Plaintiff's claim against him. Specifically, Plaintiff lacks standing under Article III of the United States Constitution to sue Mr. Vonderheide inasmuch as the harm alleged by Plaintiff is not fairly traceable to acts or omissions of Mr. Vonderheide, and the injuries of which Plaintiff complains will not be redressed by a favorable decision against Mr. Vonderheide.

2. Common Cause Indiana is a public-interest group working to protect the franchise of Indiana citizens.

3. Randall Vonderheide has been sued in his official capacity as one of the members of the Tippecanoe County Board of Elections and Registration.

4. The Complaint does not allege any particular acts or omissions on the part of Mr. Vonderheide or on the part of the Tippecanoe County Board of Elections and Registration of which he is a member.

1

5. On July 8, 2020, Common Cause Indiana filed a complaint against Indiana's Secretary of State, the three members of the Indiana Election Commission, the two directors of the Indiana Election Division, and four individual members of separate County election boards.

6. The Complaint challenges the Constitutionality of IC 3-11.7-7-2 (characterized by Plaintiff as "the Standing Amendment") which declares that only a unanimous election board has standing to file a petition with a court requesting that polling locations be kept open past 6 p.m.

7. The Complaint further challenges the Constitutionality of IC 3-11.7-7-3 and 4 (characterized by Plaintiffs as "the Remedies Amendment") which require a state court to make certain specified findings before extending polling times and impose a limit on the time and polling locations for which the court may provide relief.

8. With respect to Mr. Vonderheide, Plaintiff requests relief in the form of an injunction enjoining him from "implementing, enforcing, administering, invoking, or giving any effect to" IC 3-11.7-7-2, 3, or 4.

9. The Complaint also requests that, in an action filed to obtain an order extending polling-place hours, Mr. Vonderheide be enjoined from asserting that, pursuant to IC 3-11.7-7-2, other persons lack standing to seek relief or that, pursuant to IC 3-11.7-7-3 or 4, a state court lacks authority to extend polling-place hours.

10. To the extent Common Cause is injured by these challenged statutes, such injury is not fairly traceable to Mr. Vonderheide and a favorable decision against Mr. Vonderheide will not redress that injury.

11. Mr. Vonderheide is just one member of the Tippecanoe County Board of Election and Registration and, even if he were chargeable with the Board's full authority, the Board does not have

the power to confer or deny standing upon the Plaintiff or others to sue in state court, nor does it have the power to grant state courts the authority to authorize remedies in contravention of statutory requirements.

12. Even were Mr. Vonderheide to refrain from raising the issue of standing or remedies in a state court proceeding, the court would have an independent duty to evaluate its own subject matter jurisdiction. Subject matter jurisdiction cannot be waived or conferred by agreement.

13. The statutory limitations being challenged by Plaintiff have no mechanism for implementation, enforcement, administration, or invocation by Mr. Vonderheide or the County Board. These statutory limitations will be honored or not by the state courts if and when Plaintiff brings a request to extend polling-place hours regardless of Mr. Vonderheide's position on the wisdom of those statutes.

14. A Memorandum of Law is submitted herewith and made part hereof.

WHEREFORE, Defendant requests Plaintiff's complaint be dismissed as to Mr. Vonderheide for lack of standing and for all other appropriate relief.

Respectfully submitted,

HOFFMAN, LUHMAN & MASSON, PC

By: /s/*Douglas J. Masson*
Douglas J. Masson #19474-53
Attorney for Defendants
200 Ferry Street, Suite C
P.O. Box 99
Lafayette, IN  47902
Telephone:  (765) 423-5404

CERTIFICATE OF SERVICE

      I hereby certify that on August 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

      */s/Douglas J. Masson*
      Douglas J. Masson