UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:20-cv-1825-RLY-TAB |
| CONNIE LAWSON, in her official capacity as Indiana Secretary of State; PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission; J. BRADLEY KING and ANGELA NUSSMEYER, in their official capacities as co-directors of the Indiana Election Division; and RAY ADLER, PAUL RAUSCH, KEVIN C. SMITH, and RANDALL VONDERHEIDE, in their official capacities as county election officials, and as representatives of a class of all members of Indiana county election boards and boards of elections and registration, | ) |
| | ) |
| *Defendants.* | ) |

**REPLY IN SUPPORT OF PLAINTIFF'S**
**<u>MOTION FOR CERTIFICATION OF DEFENDANT CLASS</u>**

Gregory M. Schweizer
Brent R. Austin (*admitted pro hac vice*)
Sarah Kinter (*admitted pro hac vice*)
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
(312) 660-7648 (tel.)
gschweizer@eimerstahl.com
baustin@eimerstahl.com
skinter@eimerstahl.com

Aneel L. Chablani (*admitted pro hac vice*)
Ami Gandhi (*admitted pro hac vice*)
Jennifer Terrell (*admitted pro hac vice*)
Chicago Lawyers' Committee for Civil Rights
100 North LaSalle Street, Suite 600
Chicago, IL 60602
(312) 888-4191 (tel.)
achablani@clccrul.org
agandhi@clccrul.org
jterrell@clccrul.org

Dated: September 1, 2020

*Attorneys for Common Cause Indiana*

*Additional Counsel listed on signature page*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    Common Cause Indiana Has Article III Standing to Name the Class Defendants .......... 1

    II.    The Defendant Class Satisfies Federal Rule of Civil Procedure 23 ............................... 2

        A.  *Commonality and Typicality* ................................................................................ 2

        B.  *Adequacy* ............................................................................................................. 5

    III.   Plaintiff's Motions for Class Certification and Preliminary Injunction Are Ripe for Disposition ...................................................................................................................... 5

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bonte v. U.S. Bank, N.A.*,
  624 F.3d 461 (7th Cir. 2010) ................................................................................... 2

*Ragsdale v. Turnock*,
  625 F. Supp. 1212 (N.D. Ill. 1985) ..................................................................... 2, 4

*Retired Chi. Police Ass'n v. City of Chi.*,
  7 F.3d 584 (7th Cir. 1993) ....................................................................................... 5

*Sebo v. Rubenstein*,
  188 F.R.D. 310 (N.D. Ill. 1999) ............................................................................... 4

*Shepherd v. ASI, Ltd.*,
  295 F.R.D. 289 (S.D. Ind. 2013) ............................................................................. 2

*Sherman ex rel. Sherman v. Twp. High Sch. Dist. 214*,
  540 F. Supp. 2d 985 (N.D. Ill. 2008) .................................................................. 3, 4

*Zessar v. Helander*,
  No. 05 C 1917, 2006 WL 573889 (N.D. Ill. Mar. 7, 2006) ..................................... 3

**STATUTES**

Ind. Code § 3-6-5-14 ....................................................................................................... 4

Ind. Code § 3-6-5.2-6 ...................................................................................................... 4

Ind. Code § 3-6-5.4-5 ...................................................................................................... 4

Ind. Code § 3-6-5.6-7 ...................................................................................................... 4

Ind. Code § 3-11.7-7-2 .................................................................................................... 2

Ind. Code § 3-11.7-7-3 .................................................................................................... 2

Ind. Code § 3-11.7-7-4 .................................................................................................... 2

**INTRODUCTION**

When the constitutionality of a state statute is challenged, it is uncontroversial to certify a defendant class of government officials responsible for administering the challenged provision. As part of its constitutional challenge to certain provisions of the Indiana Election Code, Plaintiff Common Cause Indiana has sought to do just that: certify a class of defendants comprising all members of Indiana county election boards, in their official capacities. The four named representatives of this putative defendant class ("Class Defendants")[1] object to class certification on the basis of Article III standing and Federal Rule of Civil Procedure 23. For the reasons that follow, their arguments are without merit, and the defendant class should be certified.

**ARGUMENT**

Common Cause Indiana has Article III standing to bring its constitutional challenge against the Class Defendants, and it has satisfied the requirements under Rule 23 for certification of a defendant class.

**I.      Common Cause Indiana Has Article III Standing to Name the Class Defendants.**

Class Defendants' opposition to class certification "is based primarily on" their assertion that Plaintiff lacks Article III standing to sue them. ECF No. 51 ("Opp'n") at 1. The Article III standing arguments in Class Defendants' opposition to class certification are virtually identical to those in their motion to dismiss. *See generally* Opp'n; ECF No. 50. Plaintiff has filed its opposition to Class Defendants' motion to dismiss for lack of standing concurrently with this brief, ECF No. 67, and fully incorporates those arguments herein to rebut Class Defendants' standing arguments in opposition to class certification. In short, Class Defendants' express

---

[1] Defendant Vonderheide filed a motion to dismiss Plaintiff's complaint and a brief in opposition to Plaintiff's motion for certification of a defendant class. ECF Nos. 50, 51. All Class Defendants (Adler, Rausch, and Smith) joined both filings in full. ECF Nos. 53, 54, 57, 58, 60, 61.

responsibility to administer the Indiana Election Code, their specific duties under the Standing Amendment,[2] and their ability and authority to consent—notwithstanding the provisions of the Standing Amendment—to a voter's standing to seek an hours extension in state court render them proper defendants for purposes of Article III standing.

## II.  The Defendant Class Satisfies Federal Rule of Civil Procedure 23.

For the reasons set forth in Plaintiff's opening brief, ECF No. 6, certifying a defendant class of members of county election boards in a case like this one is noncontroversial and can be done expeditiously.  Once Class Defendants' Article III standing arguments are properly set aside, certifying the putative defendant class under Rule 23 is straightforward.  Class Defendants concede that numerosity is satisfied, Opp'n at 8, and they provide no rebuttal to Plaintiff's arguments regarding Rule 23(b), *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession.).  Their arguments related to commonality, typicality, and adequacy fail.

### A.  *Commonality and Typicality*

In a case challenging the constitutionality of a statute, "the overriding common issue of law" is whether the challenged statute is constitutional.  *See Ragsdale v. Turnock*, 625 F. Supp. 1212, 1224 (N.D. Ill. 1985), *aff'd in part, vacated in part*, 841 F.2d 1358 (7th Cir. 1988).  Class Defendants do not dispute that the "common legal issue" of the Challenged Amendments' constitutionality will "drive the resolution of the litigation." *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 297 (S.D. Ind. 2013).  That is sufficient to satisfy commonality.  Instead, Class Defendants dispute typicality, arguing (1) that no common "event" gives rise to the defenses of the class; and

---

[2] This brief adopts the same abbreviations found in Common Cause Indiana's opening brief in support of its motion for preliminary injunction (ECF No. 4): Ind. Code § 3-11.7-7-2 (the "Standing Amendment") and Ind. Code §§ 3-11.7-7-3, 3-11.7-7-4 (the "Remedies Amendment") (together, the "Challenged Amendments").

2

(2) that Defendant Vonderheide in particular is an atypical class representative. Neither argument has merit.

First, Class Defendants' argument that they are not "bound together by an obligation" under the Challenged Amendments is unavailing. Opp'n at 8. As discussed in the context of Plaintiff's Article III standing, Class Defendants are obligated to enforce the entirety of the Indiana Election Code, including the Challenged Amendments. ECF No. 67 at 6. Moreover, the Standing Amendment specifically obligates Class Defendants to obtain unanimous approval before seeking an extension of polling-place hours in state court. This is not materially different from the obligations imposed on defendant class members by the challenged statutes in the many cases Class Defendants summarily dismiss as "distinguishable." Opp'n at 6, n. 2.[3] For example, the statute at issue in *Zessar v. Helander*, No. 05 C 1917, 2006 WL 573889 (N.D. Ill. Mar. 7, 2006), obligated election officials to provide timely notice of an absentee ballot's rejection, and the statute in *Sherman ex rel. Sherman v. Twp. High Sch. Dist. 214*, 540 F. Supp. 2d 985 (N.D. Ill. 2008), obligated school officials to enforce a statute mandating a prayer period.

Second, Class Defendants suggest that the election board in Tippecanoe County (and, presumably by extension, those in Porter and Lake Counties) is "unique" from other county election boards because it is established by a different statutory provision and has some variance in its duties. Opp'n at 7. But after describing this variation, Class Defendants concede that "these distinctions are likely not essential" in this litigation. *Id.* That concession is accurate.[4]

---

[3] Class Defendants make no effort to actually distinguish the cases cited in Plaintiff's opening brief. Opp'n at 6 n.2 (listing Plaintiff's authority with parenthetical citations that summarize each case's factual circumstances).

[4] Class Defendants' assert that their "participation in this litigation is superfluous" because all four types of boards are associated with the Challenged Amendments in the same way, Opp'n at 7, but to the extent all four class representatives have joined the same opposition brief, *all* of their participation cannot be superfluous or else there would be no class representatives left. More fundamentally, all of the class representatives are members of the putative class; whether they are named as a representative or not will not change their position as a member of the

3

Members of all four types of county election boards in Indiana are responsible for administering the Election Code in the manner defined by Ind. Code § 3-6-5-14.  *See* Ind. Code §§ 3-6-5.6-7; 3-6-5.4-5; 3-6-5.2-6.  The fact that members of the boards in certain counties have *additional* duties is irrelevant.  The Challenged Amendments make no distinctions between types of county election boards, and the issues in this case are indistinguishable across the four types of county election boards.

It cannot seriously be questioned that, for purposes of Plaintiff's claims, Class Defendants are typical of the remaining 276 members of county election boards across Indiana.  As described above, the Challenged Amendments do not differentiate between members of county election boards.  All members of county election boards are obligated to administer the Election Code within their jurisdictions, and all of them (through their members) have the ability to consent to a voter's standing to seek an hours extension in state court.  ECF No. 67 at 3-4, 6.  The fact that the cases Plaintiff relies upon involved challenges to laws pertaining to education or abortion, rather than elections, does not diminish their relevance in any way.  Opp'n at 7.  Each member of the putative defendant class—including Class Defendants—has a "common defense," *Sherman*, 540 F. Supp. 2d at 992, against Plaintiff's claims: "that the challenged statutes . . . are indeed constitutional."  *Ragsdale*, 625 F. Supp. at 1224.  Class Defendants have nowhere identified a "unique defense that would vitiate the typicality requirement."  *Sebo v. Rubenstein*, 188 F.R.D. 310, 319 (N.D. Ill. 1999).

---

class.  Out of an abundance of caution, Plaintiff named one representative from each of the four types of boards; that procedural litigation decision does not render three of the four class representatives' role as representatives "superfluous."

Class Defendants' remaining arguments regarding commonality and typicality are premised on Article III standing, which has been addressed in Plaintiff's opposition to Class Defendants' motion to dismiss. ECF No. 67.

### B. Adequacy

The focus of the adequacy inquiry is whether "class members have antagonistic or conflicting claims." *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). Class Defendants do not identify any intra-class conflicts that would defeat adequacy, and, as discussed *supra*, their efforts to "distinguish," Opp'n at 6 n.2, Plaintiff's cited authority fail. Indeed, as each named representative is sued in his official capacity, he is similarly situated to all other county election board members. And the fact that each class representative is "only one member of" his respective board does not make him an inadequate class representative. Opp'n at 4. None of the four named class representatives were selected out of malice or because Plaintiff believes they can personally direct their respective boards to seek an hours extension or consent to a voter's standing to do the same. Plaintiff's understanding that all county election board members in Indiana collectively share these duties is precisely why it seeks to certify a defendant *class*. Class Defendants serve only as representatives of the larger whole.

Class Defendants' remaining arguments regarding adequacy are premised on Article III standing, which has been addressed in Plaintiff's opposition to Class Defendants' motion to dismiss. ECF No. 67.

### III. Plaintiff's Motions for Class Certification and Preliminary Injunction Are Ripe for Disposition.

Plaintiff's motions for class certification and for a preliminary injunction are now fully briefed and ready for disposition by this Court. Should the Court prefer to wait to decide class certification until Class Defendants' interrelated motion to dismiss is fully briefed, Class

5

Defendants' reply in support of their motion to dismiss is due on September 8, 2020. S.D. Ind. L.R. 7-1(c)(2). In any event, such briefing should not slow the Court's disposition of Plaintiff's motion for a preliminary injunction. Finally, as explained in Plaintiff's opening brief, if the Court is inclined to delay class certification for any reason, it may still rule on the preliminary injunction and enjoin the State Defendants. ECF No. 6 at 12 n.5.

## CONCLUSION

For the foregoing reasons, and those set forth in Common Cause Indiana's opening brief and its opposition to Class Defendants' motion to dismiss, the Court should certify a defendant class of all members of Indiana county election boards and boards of elections and registration.

Dated: September 1, 2020

Respectfully submitted,

*/s/ Gregory M. Schweizer*
Gregory M. Schweizer
Brent R. Austin (*admitted pro hac vice*)
Sarah Kinter (*admitted pro hac vice*)
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7648 (tel.)
(312) 692-1718 (fax)
gschweizer@eimerstahl.com
baustin@eimerstahl.com
skinter@eimerstahl.com

Aneel L. Chablani (*admitted pro hac vice*)
Ami Gandhi (*admitted pro hac vice*)
Jennifer Terrell (*admitted pro hac vice*)
Chicago Lawyers' Committee for Civil Rights
100 North LaSalle Street
Suite 600
Chicago, IL 60602
(312) 888-4191 (tel.)
(312) 630-1127 (fax)
achablani@clccrul.org

6

agandhi@clccrul.org
jterrell@clccrul.org

Ezra Rosenberg (*admitted pro hac vice*)
Bradley Phillips (*admitted pro hac vice*)
Ryan Snow (*admitted pro hac vice*)
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW
Suite 900
Washington, DC 20005
(202) 662-8600 (tel.)
(202) 783-0857 (fax)
erosenberg@lawyerscommittee.org
bphillips@lawyerscommittee.org
rsnow@lawyerscommittee.org

*Attorneys for Common Cause Indiana*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2020, the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Dated: September 1, 2020              */s/ Gregory M. Schweizer*
                                       Gregory M. Schweizer