UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **COMMON CAUSE INDIANA** | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:20-CV-1825-RLY-TAB |
| | ) | |
| **CONNIE LAWSON, et. al.** | ) | |
| Defendants, | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Mr. Vonderheide should be dismissed from this litigation because his presence serves no purpose. If the challenged statutes are declared unconstitutional and State election officials are enjoined to see that they are not enforced, Mr. Vonderheide and the Tippecanoe County Board of Elections and Registration will be duty-bound to abide by the Court's decision. If the Plaintiff prevails against Mr. Vonderheide in a manner that does not bind the State, its victory will be hollow.

This Reply is submitted in support of Mr. Vonderheide's motion to dismiss under Trial Rule 12(b)(1) for lack of standing. Generally, the harm alleged by Plaintiff is not fairly traceable to acts or omissions of Mr. Vonderheide and the injuries of which it complains will not be redressed by a favorable decision against Mr. Vonderheide. These elements must be present for the Plaintiff to have standing under Article III to sue Mr. Vonderheide.

> *Plaintiff's injuries are caused by the state courts' lack of subject matter jurisdiction; not by acts or omissions of local election boards. Those injuries will not be redressed through an order to Mr. Vonderheide or the local election boards.*

Subject matter jurisdiction refers to "the power of a court to hear and decide a particular class of cases." *Terry v. Community Health Network, Inc.*, 17 N.E.3d 389, 392 (Ind. Ct. App. 2014). For

1

example, in the medical malpractice context, a trial court lacks subject matter over and has no authority to hear a malpractice claim that has not been submitted to a medical review panel. *Id.* at 393.  The challenged statutes affect not just Plaintiff's standing to request an extension of polling hours. As Plaintiff describes those statutes, they deprive state courts of the authority to consider requests to extend polling hours from anyone other than a unanimous election board. They also deprive state courts of the authority to extend polling hours for reasons other than delayed opening or closure during voting hours. In other words, the statutes have curtailed state court jurisdiction to hear and decide these cases.

In its response opposing Mr. Vonderheide's motion to dismiss, Plaintiff argues that the challenged statutes do not impair the trial court's subject matter jurisdiction. This is at odds with Plaintiff's initial briefing. In its Memorandum in support of preliminary injunction, Common Cause argued that the statutes strip the courts of jurisdiction to hear certain claims under 42 U.S.C. 1983; restrict the courts' ability to provide relief when polling places are compromised; and impose severe limitations on state courts' authority to extend polling-place hours. (Dkt. 4 Memorandum in Support of Preliminary Injunction at 2, 5, 13 fn 11).

Now, seeking to resist Mr. Vonderheide's motion to dismiss, Plaintiff characterizes the challenged statutes as merely limiting Plaintiff's standing in a manner that could be waived by the local election board. (Dkt. 67 Response in Opposition to Motion to Dismiss at 4). It is true that IC 3-11.7-7-2 speaks of standing; however, it does so in a way that grants only a unanimous election board standing and strips the trial court of authority to consider a petition from anyone else. "(a) <u>Only</u> a county election board has standing ... to file an action or petition to request the extension of the hour for closing the polls by the court or entity. (b) The county election board may <u>only</u> file an action

or petition ... upon the unanimous vote of the entire membership of the board." (*Id.* Emphasis added.) The grant of standing to a unanimous election board is not the problem the Plaintiff is seeking to redress. Rather, it is challenging the legislature's decision to strip state courts of the authority to consider petitions from anyone else and to grant relief to a unanimous election boards only for delayed openings or closure during voting hours. The statutes deprive the state courts of authority to hear and decide requests to extend polling hours brought by voters or non-unanimous election boards as well as the authority of state courts to hear and decide such requests based on reasons other than delayed openings or closure during voting hours.

Because the legislation affects the state courts' subject matter jurisdiction, the courts have an obligation to review their own authority, and local election boards cannot waive that requirement. Were it otherwise, local election boards could circumvent the statute's unanimity requirement through the simple expedient of not raising the issue. Because subject matter jurisdiction cannot be waived by the local election board, Plaintiff's injuries are not fairly traceable to Mr. Vonderheide and those injuries will not be redressed by ordering him not to bring the challenged statutes to the state court's attention.

> *State election officials are appropriate defendants, local election board members are improper or unnecessary, and county election boards have not been named*

Plaintiff cites *Common Cause v. Ind. Secy' of State*, 2013 WL 12284648 at 3-5 (S.D. Ind. 2013) which holds that state election officials are proper defendants for challenges to state election statutes. (Dkt. 67 Opposition to Motion to Dismiss at 8-9) Mr. Vonderheide is not challenging that proposition nor does it appear the State defendants are challenging that proposition.[1] It does not

---

[1] In their Answer to the Complaint, the State Defendants included the Eleventh Amendment in their list of affirmative defenses, but this appears to be in the nature of boilerplate. (Dkt. 66 State

follow that Mr. Vonderheide, a single member of the Tippecanoe County Board of Elections and Registration, is an appropriate defendant in this action. The 2013 *Common Cause* case, a challenge to legislation pertaining to the Marion County judicial slating process, explained that a judgment against the Indiana Secretary of State and Indiana Election Board members declaring that an election law was unconstitutional would bind the local election boards. *Id.* at 3-5. This was so even though the slating statute was specific to Marion County, and the Marion County election officials played a role in its implementation through, for example, certifying the judicial election results. *Id.*

The Tippecanoe County Board of Elections and Registration, by contrast, is not the gatekeeper for those poll hour extension requests which exceed the state court's authority under the challenged statutes. As discussed above, the local board cannot, even through waiver or full-throated support, confer upon the state courts authority which has been denied by the General Assembly.

Individual members of the local election boards are even further removed from the question of whether state courts have authority to grant relief with respect to polling hours in contravention of the challenged statutes. Plaintiff cites Eleventh Amendment concerns justifying the decision to name Mr. Vonderheide rather than the board as an entity. (*See* Dkt. 67 Opposition to Motion to Dismiss at 7). It cites authority wherein local election boards in Ohio are regarded as arms of the state while election boards in Tennessee are not. *Id.* Ohio boards are appointed by the Ohio Secretary of State. *Hunter v. Hamilton County Bd. of Elections*, 850 F.Supp. 2d 795, 801 (S.D. Ohio 2012). By contrast, the Tippecanoe County Board of Election and Registration consists of three members. One is the Tippecanoe County Clerk. The other two are appointed by the county chairperson of each

---

Answer at 12). The State Defendants' response in opposition to preliminary injunction does not contain appear to challenge their role as defendants. (*See* Dkt. 56 State Defendants' Response in Opposition to Preliminary Injunction.)

4

major political party in Tippecanoe County. IC 3-6-5.4-4. Local election boards in Indiana would not be regarded as state entities the way they are in Ohio.

County officials can be regarded as arms of the State if they are implementing state policy. For example, a County Sheriff may be entitled to Eleventh Amendment immunity where the Sheriff is acting merely as an extension of the state court by, for example, enforcing judicial orders. *See McMillian v. Monroe County, Alabama*, 520 U.S. 781, 784-785 (1997); *Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992). However, to the extent that the local election boards are entitled to Eleventh Amendment immunity because they are implementing state policy, the Plaintiff once again faces a standing problem because its injury is not fairly traceable to the local board. *See Common Cause v. Ind. Sec'y of State*, 2013 WL 12284648 at 3 ("the Marion County Election Board is *duty-bound* to follow Indiana election statutes passed by the Indiana legislature[.] It has no independent power to do otherwise.") (emphasis in original); *Henderson v. Adams*, 209 F.Supp. 3d 1059, 1070 (S.D. Ind. 2016) (Plaintiffs lacked standing to sue county health department for declining to issue birth certificate to two mothers where county's role in issuance was ministerial implementation of state policy.)

Mr. Vonderheide has not taken a position on the propriety of Plaintiff's request for a preliminary injunction generally. His opposition to that motion was based solely on the argument that such an injunction should not be directed to him in particular. He otherwise deferred to the Court and the arguments of the State and the Plaintiff. (Dkt. 3 Vonderheide Response in Opposition to Preliminary Injunction at 1).[2] The Tippecanoe County Board of Election and Registration would be

---

[2] Mr. Vonderheide did not join the State's Opposition to Preliminary Injunction as suggested by Plaintiff. (*See* Dkt. 69 Reply in Support of Plaintiff's Motion for Preliminary Injunction at 1 fn. 2).

bound by a decision declaring the statutes unconstitutional and enjoining the State election officials from enforcing them. *See Common Cause v. Ind. Sec'y of State*, 2013 WL 12284648 at 3-4.

To the extent Plaintiff is suing the members of the local boards based on anticipated discretionary acts or omissions by those boards independent of the State, Eleventh Amendment concerns are not present. In that situation, the local boards themselves, not individual members thereof, are the entities which would be causing the harm. Plaintiff cites *Brownsburg Area Patrons Affecting Change v. Baldwin*, 943 F.Supp. 975, 978 (S.D. Ind. 1996) as an instance where election board members were named individually. However, all three members of the election board were named, and it does not appear that the Court was asked to consider the distinction between the board as an entity and its constituent members. Plaintiff also cites *Hunter v. Hamilton County Board of Elections*, 850 F.Supp. 2d at 802 fn 4 where the Court determined that the a local board of elections (a state entity in Ohio) had waived its Eleventh Amendment defense and, in *dicta*, suggested that even if it had not waived the defense, the individual members (who had not been named) could be sued for an ongoing failure to count ballots.

Both of those cases are distinct from this case: a statewide, facial challenge to a statute the Plaintiff finds objectionable, naming a single member (pending class certification) of a three member county board. Suit against the State election officials is sufficient for this type of challenge. Even if the suit alleged harm traceable to acts, omissions, or decisions by the local election boards, suit would properly lie against the board as an entity rather than against a single member of that board.

## CONCLUSION

Plaintiff lacks standing under Article III of the United States Constitution to sue Mr. Vonderheide because the injuries alleged by the Plaintiff are not fairly traceable to a challenged

action by Mr. Vonderheide, and the alleged injuries will not be redressed by a favorable decision against him.

WHEREFORE, Defendant requests Plaintiff's complaint be dismissed as to Mr. Vonderheide for lack of standing and for all other appropriate relief.

Respectfully submitted,

HOFFMAN, LUHMAN & MASSON, PC

By: /s/*Douglas J. Masson*
Douglas J. Masson #19474-53
Attorney for Defendants
200 Ferry Street, Suite C
P.O. Box 99
Lafayette, IN 47902
Telephone: (765) 423-5404

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/*Douglas J. Masson*
Douglas J. Masson