UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01825-RLY-TAB |
| | ) | |
| CONNIE LAWSON, in her official capacity as Indiana Secretary of State; PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission; J. BRADLEY KING and ANGELA NUSSMEYER, in their official capacities as co-directors of the Indiana Election Division; and RAY ADLER, PAUL RAUSCH, KEVIN C. SMITH, and RANDALL VONDERHEIDE, in their official capacities as county election officials, and as representatives of a class of all members of Indiana county election boards and boards of elections and registration, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT RANDALL VONDERHEIDE'S MOTION TO DISMISS**

This cause appears before the court on Defendant Randall Vonderheide's Motion to Dismiss. (Filing No. 49). Defendants Ray Adler, Paul Rausch, and Kevin Smith joined this filing. (Filing Nos. 53, 57, 60). Vonderheide is a member of the Tippecanoe

1

County Board of Elections and Registration. (Filing No. 1, Compl. ¶ 19). Adler is a member of the Hamilton County Election Board. (*Id.* ¶ 16). Rausch is a member of the Porter County Board of Elections and Registration. (*Id.* ¶ 17). Smith is a member of the Lake County Board of Elections and Registration. (*Id.* ¶ 18). Defendant moves to dismiss Plaintiff's Complaint as to him under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing. Defendant argues Plaintiff lacks standing under Article III because Plaintiff's injury cannot be traced to him and will not be redressed by an injunction against him. Defendant also urges dismissal because he is not the true party in interest. Plaintiff disagrees. For the reasons that follow, Defendant's motion is **DENIED**.

## I.     Factual Background

Plaintiff, Common Cause Indiana, challenges the constitutionality of certain amendments to Indiana's Election Code (collectively the "Challenged Amendments"). Indiana Code Section 3-11.7-7-2(a) (the "Standing Amendment") confers standing in Indiana courts exclusively to county election boards to seek an extension of polling hours on Election Day. The board may only file such an action upon the unanimous vote of its members. *Id.* § 3-11.7-7-2(b).

The Remedies Amendment limits any extension to only those polls "whose opening was delayed or which closed during" normal voting hours,[1] and for a period of time not more than the time the polls were closed. *Id.* § 3-11.7.7.4. Before issuing an

---

[1] Polls in Indiana open at 6 a.m. and close at 6 p.m. Ind. Code § 3-11-8-8(a).

order extending polling hours, the Remedies Amendment requires the court to make the following six findings: (1) the polling location was "substantially delayed in opening"; (2) the specific precincts or vote centers² that experienced delays; (3) how long the polling location was closed; (4) substantial evidence exists that voters were prevented from casting a ballot due to the delay or closure of the polling location; (5) the harm can only be ameliorated by an extension of polling hours; and (6) the county election board filed written notice with the Secretary of State and the election division indicating that that county election board both filed the action or petition with the court to extend hours and received confirmation from the court of the receipt of the filings.³  *Id.* § 3-11.7-7-3(a).  If the court is unable to make these findings, the court "shall not" issue an order extending polling hours.  *Id.* § 3-11.7-7-3(b).

County election boards "[c]onduct all elections and administer the election laws within the county," prepare all ballots, and distribute those ballots to precincts or voting centers within the county.  Ind. Code § 3-6-5-14.⁴  Plaintiff sued Vonderheide, Adler, Rausch, and Smith in their official capacities as county election officials and seeks to certify a defendant class of all 280 individual members of Indiana's county election boards, with those four being the class representatives.  (Filing No. 5).

---

² Some counties in Indiana establish vote centers, while others use the precincts.  (Filing No. 3-34, Meredith Decl. ¶ 34).
³ The sixth finding was included under a 2020 amendment.  P.L. 141-2020.
⁴ *See also* Ind. Code § 3-6-5.6-7; *id.* § 3-6-5.4-5; *id.* Code § 3-6-5.2-6 (conferring the same duties to the other types of county election boards).  County election boards in Indiana have different structures and names according to the county's population.

## II. Legal Standard

Rule 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court will accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Democratic Party of Wisconsin v. Vos*, 996 F.3d 581, 584 (7th Cir. 2020). The court may look beyond the jurisdictional allegations in the Complaint and consider all evidence that has been submitted on the issue to determine whether subject matter jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

## III. Analysis

Defendant filed this Motion to Dismiss for lack of standing. Alternatively, Defendant argues the Complaint should be dismissed because he is not the true party in interest. The court considers both arguments in turn.

### A. Standing

Standing arises out of Article III's case or controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish Article III standing, a plaintiff must satisfy three elements: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) the alleged injury is "fairly traceable" to the complained of conduct, meaning that there must be a causal connection between the injury and the conduct; and (3) a likelihood that the alleged injury will be redressed by a favorable decision. *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 620-21 (7th Cir. 2020) (quoting *Lujan*, 504 U.S. at 560-61). The second and third elements are at issue

4

here: whether Plaintiff's injury would be fairly traceable to Defendant, and whether Plaintiff's injury would be redressed by an injunction against Defendant.

Defendant's traceability argument fails. County election boards conduct elections and "administer the election laws within the county." Ind. Code § 3-6-5-14. In any action brought by an Indiana voter seeking an extension of polling hours, the county election board would be the likely defendant. The county election board could invoke the Standing Amendment and move to dismiss the action for lack of standing. Plaintiff's injury in that case would be caused by the county election board.

Defendant responds that any injury is not fairly traceable to him because Indiana courts have an independent obligation to determine standing under the Standing Amendment. According to Defendant, it would not matter if the board raised the issue of standing, remained silent, or even agreed with the would-be plaintiff because the Indiana court would be required to consider standing under the Challenged Statutes. In such a scenario, Defendant suggests Plaintiff's injury would not be caused by the county election board, but by the state court.[5] But under the Standing Amendment, a voter who wishes to obtain an extension of polling hours is entirely at the mercy of each member of the county election board. Because the Standing Amendment requires a unanimous vote by the board, any single board member could thwart a voter's attempt to extend polling

---

[5] It is worth noting that members of the judiciary are absolutely immune from suits seeking prospective injunctive relief under Section 1983. *Smith v. City of Hammond*, 388 F.3d 304, 307 (7th Cir. 2004). So to the extent Defendant suggests Plaintiff's injury would only be caused by the state court, that would render the Challenged Amendments immune from challenge.

hours. If the county election board disagrees with a voter's request for an extension of polling hours, the board could move to dismiss the voter's action for lack of standing. If the board agrees with the voter's request but fails to act and seek an extension, the board has similarly injured the voter because only the board could seek an extension under the Standing Amendment. Either way, the injury is fairly traceable to Defendant.

Additionally, this and other courts in this District have recognized that election officials are proper defendants in suits challenging election laws. *See Common Cause Ind. v. Ind. Sec'y of State*, No. 1:12-CV-01603, 2013 WL 12284648, at *3 (S.D. Ind. 2003 Sept. 6, 2013) ("The idea that the Secretary is a proper party in a constitutional challenge to a state statute governing elections is supported by Indiana case law. . ."); *Frederick v. Lawson*, No. 1:19-cv-01959, 2020 WL 4882696, at *10-11 (S.D. Ind. Aug. 20, 2020) (rejecting the Secretary of State's traceability argument and stating that county election boards are not the only entities with authority to enforce election laws). Just as the Secretary of State's statutory authority to "perform all ministerial duties related to the administration of elections by the state," Ind. Code § 3-6-4.2-2, satisfies Article III's standing requirements to be sued, Defendant's statutory obligation to administer the election laws within the county satisfies the traceability requirement.

Defendant's redressability argument also fails. "The relevant inquiry is whether . . . the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision." *Cabral v. City of Evansville*, 759 F.3d 639, 642 (7th Cir. 2014) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). Plaintiff seeks an order

enjoining Defendants from, among other things, "asserting, in any action filed to obtain an order extending polling-place hours, that voters, political parties, candidates for public office, public interest groups, or any other entity . . . lack standing to seek such relief based on the Standing Amendment." (Compl. at 31-32, ¶ D). More generally, Plaintiff seeks to enjoin Defendants from "implementing, enforcing, administering, invoking, or giving any effect to the Challenged Amendments." (*Id.* at 31, ¶ A). As discussed above, in an action brought by a voter to extend polling hours, the election board could assert lack of standing and move to dismiss. Plaintiff's injury would be redressed by a ruling that prevents Defendants from invoking the Standing Amendment.

Given Defendant's statutory duty to administer election laws within the county, including the Challenged Amendments, Defendant's argument that Plaintiff lacks Article III standing to sue him fails.

### B.  True Party in Interest

Alternatively, Defendant argues he is an improper defendant in this case because he has no authority independent of the county election board and that Plaintiff's claims should be addressed to the county board, rather than Defendant. Defendant is mistaken. The Standing Amendment requires a unanimous vote by the board, so any one member of a county board has the authority to block a voter's attempt to seek an extension of polling hours. And, of course, because all county election board members share the same statutory responsibilities and authority, Plaintiff seeks to certify a class of all 280

members of Indiana's county election boards. The court finds Defendants were properly named.

### IV. Conclusion

For the foregoing reasons, Plaintiff has standing under Article III to sue Defendant. Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED** this 22nd day of September 2020.

‎_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.