UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01825-RLY-TAB |
| | ) | |
| CONNIE LAWSON, in her official capacity as | ) | |
| Indiana Secretary of State; | ) | |
| PAUL OKESON, | ) | |
| S. ANTHONY LONG, | ) | |
| SUZANNAH WILSON OVERHOLT, and | ) | |
| ZACHARY E. KLUTZ, in their official | ) | |
| capacities as members of the Indiana Election | ) | |
| Commission; | ) | |
| J. BRADLEY KING and | ) | |
| ANGELA NUSSMEYER, in their official | ) | |
| capacities as co-directors of the Indiana | ) | |
| Election Division; and | ) | |
| RAY ADLER, | ) | |
| PAUL RAUSCH, | ) | |
| KEVIN C. SMITH, and | ) | |
| RANDALL VONDERHEIDE, in their official | ) | |
| capacities as county election officials, and as | ) | |
| representatives of a class of all members of | ) | |
| Indiana county election boards and boards of | ) | |
| elections and registration, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Now pending before the court is Plaintiff's Motion to Certify a Defendant Class of

all members of county election boards[1] in each of Indiana's 92 counties.  Plaintiff named

---

[1] The court uses the term "county election boards" to refer to both county election boards and
boards of elections and registration.

Randall Vonderheide (Tippecanoe County), Ray Adler (Hamilton County), Paul Rausch (Porter County), and Kevin Smith (Lake County) as representatives of the class.  For the reasons that follow, Plaintiff's Motion for Class Certification is **GRANTED**.

## I.      Factual Background

Plaintiff, Common Cause Indiana, challenges the constitutionality of certain amendments to Indiana's Election Code (collectively the "Challenged Amendments"). Indiana Code Section 3-11.7-7-2(a) (the "Standing Amendment") confers standing in Indiana courts exclusively to county election boards to seek an extension of polling hours on Election Day.  The board may only file such an action upon the unanimous vote of its members.  *Id.* § 3-11.7-7-2(b).

Indiana Code Section 3-11.7.7.4 (the "Remedies Amendment") limits any extension to only those polls "whose opening was delayed or which closed during" normal voting hours,[2] and for a period of time not more than the time the polls were closed.  Before issuing an order extending polling hours, the Remedies Amendment requires the court to make the following six findings: (1) the polling location was "substantially delayed in opening"; (2) the specific precincts or vote centers[3] that experienced delays; (3) how long the polling location was closed; (4) substantial evidence exists that voters were prevented from casting a ballot due to the delay or closure of the polling location; (5) the harm can only be ameliorated by an extension of polling hours;

---

[2] Polls in Indiana open at 6 a.m. and close at 6 p.m.  Ind. Code § 3-11-8-8(a).
[3] Some counties in Indiana establish vote centers, while others use the precincts.  (Filing No. 3-34, Meredith Decl. ¶ 34).

and (6) the county election board filed written notice with the Secretary of State and the election division indicating that that county election board both filed the action or petition with the court to extend hours and received confirmation from the court of the receipt of the filings.[4]  *Id.* § 3-11.7-7-3(a).  If the court is unable to make these findings, the court "shall not" issue an order extending polling hours.  *Id.* § 3-11.7-7-3(b).

Each of Indiana's 92 counties has an election board or a board of elections and registration.  Ind. Code § 3-6-5-1 (89 counties); *id.* § 3-6-5.6-3 (Porter County); *id.* § 3-6-5.4-3 (Tippecanoe County); *id.* § 3-6-5.2-3 (Lake County).  These boards "[c]onduct all elections and administer the election laws within the county," prepare all ballots, and distribute those ballots to precincts or voting centers within the county.  *Id.* § 3-6-5-14.  All but two election boards have three members.  *Id.* § 3-6-5-2; *id.* § 3-6-5.4-4.  The other two boards—Lake and Porter counties—have five members.  *Id.* § 3-6-5.2-4; *Id.* § 3-6-5.6-4.

Plaintiff seeks to certify the following class: "All members of Indiana county election boards and boards of elections and registration, as established under Ind. Code §§ 3-6-5-1, 3-6-5.2-1, 3-6-5.4-1, 3-6-5.6-1, in their official capacities."

## II.    Legal Standard

To be certified, a proposed defendant class must satisfy the requirements identified in Federal Rule of Civil Procedure 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law or fact; (3) the claims

---

[4] The sixth finding was included under a 2020 amendment.  P.L. 141-2020.

or defenses of the representative parties are typical of those of the class; and (4) the

representative parties will fairly and adequately protect the interests of the class.  Fed. R.

Civ. P. 23(a).  A proposed defendant class must also satisfy either Rule 23(b)(1) or Rule

23(b)(3).  *Henson v. E. Lincoln Twp.*, 814 F.2d 410, 412 (7th Cir. 1987).  Common Cause

proceeds under Rule 23(b)(1), which permits class actions when separate actions against

each defendant class member would create a risk of "inconsistent or varying

adjudications with respect to individual class members that would establish incompatible

standards of conduct for the party opposing the class."  Fed. R. Civ. P. 23(b)(1)(A).

## III.   Discussion

Defendant Vonderheide objects to certification primarily because he believes

Plaintiff lacks Article III standing.[5]  Defendant filed a separate motion to dismiss (Filing

No. 49) on the same grounds.  The court denied Defendant's motion to dismiss (Filing

No. 72).  For the reasons that follow, the proposed class satisfies Federal Rules of Civil

Procedure 23(a) and 23(b).

### A.   The Proposed Defendant Class is Identifiable and Satisfies Due Process.

Before addressing the Rule 23 requirements, the court briefly considers whether

the proposed class "is indeed identifiable," *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513

(7th Cir. 2006), and satisfies due process.  A class is identifiable when it is "clearly

defined and based on objective criteria."  *Mullins v. Direct Digital LLC*, 795 F.3d 654,

---

[5] Defendants Adler, Rausch, and Smith joined Vonderheide's brief in opposition to certification.
(Filing Nos. 54, 58, and 61)

654 (7th Cir. 2015). *See also Gentry v. Floyd County*, 313 F.R.D. 72, 76 (S.D. Ind. 2016) ("If class membership can only be determined by individualized fact-finding or 'mini-trials,' then a class action is inappropriate."). The court can readily identify the members of this proposed class. The class definition limits membership to persons serving on a statutorily defined county election board. Defendants do not challenge this conclusion, and the court need not dwell on it here.

The court is also persuaded that the proposed class satisfies due process. Defendant class certification "most commonly occurs . . . in suits against local public officials challenging the validity of state laws." *Thillens, Inc. v. Cmty. Currency Exch. Ass'n of Illinois, Inc.*, 97 F.R.D. 668, 674 (N.D. Ill. 1983) (collecting cases). Compared to plaintiff classes, defendant classes pose heightened due process concerns because "the unnamed plaintiff stands to gain while the unnamed defendant stands to lose." *Id.* But "due process is satisfied by ensuring that the interests of the absentees are adequately represented" and by ensuring they receive adequate notice. *Sherman ex rel. Sherman v. Twp. High Sch. Dist. 214*, 540 F. Supp. 2d 985, 991 (N.D. Ill. 2008). The unnamed members of the proposed class may easily be kept abreast of case developments and the court is confident the class will be ably represented throughout. In short, the proposed class poses no due process concerns.

**B.     Rule 23(a) Factors**

The court next considers whether Common Cause satisfies the threshold requirements of numerosity, commonality, typicality, and adequacy under Rule 23(a).

Defendants concede that the proposed class satisfies the numerosity requirement, so the court addresses the remaining three requirements in order.

### 1.    Commonality

Commonality requires the party seeking certification to show "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "The key to commonality is 'not the raising of common "questions" . . . but, rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Orr v. Shicker*, 953 F.3d 490, 498–99 (7th Cir. 2020) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original).

Whether the Challenged Amendments are constitutional is a question of law common to the class.  Every county election board is under the same statutory obligation to administer the election laws, including the Challenged Amendments, within their respective counties.  *See* Ind. Code §§ 3-6-5-14; *id.* 3-6-5.6-7 (Porter County); *id.* 3-6-5.4-5 (Tippecanoe County); *id.* 3-6-5.2-6 (Lake County).  The superficial differences between some of the boards—including the fact that two county boards have five members while the rest have three members—are not dispositive of the commonality inquiry.  Indeed, Defendants agree that these distinctions are not essential.  The Challenged Amendments do not distinguish between types of county boards and resolving the question whether Challenged Amendments are constitutional will affect every county board equally.  The proposed class satisfies the commonality requirement.

2.      **Typicality**

A defense is typical "if it arises from the same event or practice or course of conduct" that gives rise to the defenses of the other class members. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). While commonality and typicality are closely related, typicality "focuses on the relationship between the class representative and the class as a whole." *Gentry*, 313 F.R.D. at 79 (citing *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

Class Defendants are typical of the remaining members of the class. Common Cause seeks to certify a class of every member of county election boards across the state. Every county election board bears the same statutory obligation to administer election laws within their county. The common "event" in this case "is the obligation of each member of the defendant class to effectuate the [Challenged Amendments'] statewide mandate." *Sherman*, 540 F. Supp. 2d at, 991. The nature of Common Cause's challenge—that the Challenged Amendments are unconstitutional—will give rise to a common defense: "that the challenged statutes . . . are indeed constitutional." *Ragsdale v. Turnock*, 625 F. Supp. 1212, 1224 (N.D. Ill. 1985), *aff'd in part, vacated in part*, 841 F.2d 1358 (7th Cir. 1988). "It is only where a unique defense will consume the merits of the case, that a court should refuse to certify a class due to atypicality." *Thillens*, 97 F.R.D. at 678. Defendants have pointed to no such unique defense.

Defendants respond that the Challenged Amendments would not be administered by county election boards because the Challenged Amendments only address who has standing in Indiana Courts and under what circumstances a state court may grant a

remedy.  In short, Defendants argue Indiana courts would administer the Challenged

Amendments, not county election boards.  But this argument ignores the role county

election boards play as would-be defendants in any action brought by a voter in state

court seeking an extension of polling hours.  It also ignores their role as the only entity

who could bring an action to extend polling hours.  Moreover, not only do county boards

administer the Election Code, but each board member is integral to the operation of the

Challenged Amendments.  Because of the Challenged Amendment's unanimity

requirement, individual members of county election boards may effectively exercise veto

power over a voter's efforts to seek an extension of polling hours by withholding consent

or agreement to file an action in state court.  The court is satisfied that the typicality

requirement is met.

### 3.      Adequacy of Representation

To be an adequate class representative, the named party must have a sufficient

stake in the outcome of the case to ensure zealous advocacy and must not have

antagonistic or conflicting defenses with other class members.  *Harris v. Circuit City*

*Stores, Inc.*, No. 07 C 2512, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (citing *Retired*

*Chicago Police Ass'n. v. City of Chicago*, 7 F.3d 584, 594 (7th Cir. 1993)).  Adequacy of

representation also requires adequate counsel.  *Retired Police Ass'n.*, 7 F.3d at 594.

The named representatives adequately represent the interests of all class members.

Defendants do not suggest class members have antagonistic or conflicting claims, nor do

Defendants claim they will not be adequately represented by counsel.  Rather, Defendants

argue they do not adequately represent the proposed defendant class because they are

single members of their respective boards of election.  But that is precisely why Common

Cause seeks to certify a class.  The named defendants simply represent all members.

Additionally, Defendants claim Common Cause lacks standing.  Defendants'

standing arguments—that the harm alleged is not fairly traceable to Defendants and

Plaintiff's injuries would not be redressed by a favorable ruling against Defendants—are

the same as those asserted in Defendants' motion to dismiss.  The court considered those

arguments and denied Defendants' motion to dismiss.  Those arguments are similarly

unavailing here.  Defendants share the same obligation to conduct elections and

administer Indiana's Election Code as all members of the proposed class.  Defendants

will adequately represent the class.

Plaintiff's proposed class satisfies the threshold requirements under Rule 23(a).

### C.      Rule 23(b)

In addition to meeting the class certification requirements under Rule 23(a),

Plaintiff's proposed class must meet the requirements of Rule 23(b)(1) or Rule 23(b)(3).

Plaintiff proceeds under Rule 23(b)(1) which permits class action if "prosecuting separate

actions by or against individual class members would create a risk of . . . inconsistent or

varying adjudications with respect to individual class members that would establish

incompatible standards of conduct for the party opposing the class."  Fed. R. Civ. P.

23(b)(1)(A).

Defendants do not appear to contest Common Cause's claim that the proposed

class satisfies Rule 23(b)(1).  If Common Cause were to bring individual actions against

each member of every county election board, those actions could result in a patchwork of

injunctions around the state.  Some board members would be enjoined from giving effect to the Challenged Amendments, while others would be free to enforce them.  Common Cause and its members would be subject to different standards of conduct with respect to filing an action in Indiana state courts to seek an extension of polling hours.  The court finds that allowing the class to proceed would avoid such an outcome.

## IV.    Conclusion

The proposed class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(1).  Therefore, Plaintiff's Motion for Class Certification (Filing No. 5) is **GRANTED.**

**SO ORDERED** this 24th day of September 2020.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.