UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA )<br>)<br>Plaintiff, )<br>) Case No. 1:20-cv-1825-RLY-TAB<br>v. )<br>)<br>CONNIE LAWSON, in her official capacity )<br>as the Indiana Secretary of State, PAUL )<br>OKESON, S. ANTHONY LONG, )<br>SUZANNAH WILSON OVERHOLT, and )<br>ZACHARY E. KLUTZ, in their official )<br>Capacities as members of the Indiana )<br>Election Commission; J. BRADLEY KING )<br>and ANGELA NUSSMEYER, in their )<br>official capacities as co-directors of the )<br>Indiana Election Division; and RAY ADLER, )<br>PAUL RAUSCH, KEVIN C. SMITH, and )<br>RANDALL VONDERHEIDE, in their official )<br>capacities as county election officials, and as )<br>representatives of a class of all members of )<br>Indiana county election boards and boards of )<br>elections and registration, )<br>)<br>Defendants. ) | |

## MOTION FOR STAY PENDING APPEAL

The State Defendants—Secretary of State Connie Lawson, Indiana Election Commission members Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz, and Indiana Election Division Co-Directors J. Bradley King and Angela Nussmeyer—request that this court stay all pretrial proceedings, including the enforcement of the preliminary injunction, while the case is pending on appeal before the Seventh Circuit.

1. On September 22, 2020, the Court granted the Plaintiff's Motion for Preliminary Injunction, ordering "[d]efendants, their respective agents, officers, employees, successors, and all persons acting in concert with each of any of them . . . preliminarily enjoined from implementing, enforcing, administering, invoking, or giving an effect to Indiana Code 3-11.7-7-2, 3-11.7-7-3, and 3-11.7-7-4." [ECF 73.]

2. As an initial matter, the injunction does not comply with Federal Rule of Civil Procedure 65(d). The Court issued an "Entry on Plaintiff's Motion for Preliminary Injunction." Dkt. 73. But the Court did not issue a separate injunction. Rule 65(d) requires that "[e]very order granting an injunction … must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." The Seventh Circuit has interpreted "Rule 65(d)(1)(C) to require that an injunction must be embodied in a standalone separate document." *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675–76 (7th Cir. 2019) (citing *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 912 F.3d 1054, 1057 (7th Cir. 2019)). Consequently, the Court should issue a separate, standalone injunction in order to meet the requirements of Rule 65(d).

3. Next, the State Defendants filed their notice of appeal on September 29, 2020, and the State Defendants request, under Fed. R. Civ. P. 62(b), that this

Court issue an order to stay its preliminary injunction pending the disposition of the Defendants' appeal before the Seventh Circuit Court of Appeals.

4. "Stays, like preliminary injunctions, are necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits. The goal is to minimize the costs of error." *City of Chicago v. Sessions*, 321 F.Supp.3d 855, 881 (N.D. Ill. July 27, 2018) (quoting *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014)).

5. A stay pending appeal is necessary to mitigate the potential damage that may occur given the impending election, which will arrive in less than 36 days, well before defendants' appeal can be resolved.

6. Indeed, "[i]n recognition of the likelihood of appellate review," another district court in this circuit recently stayed portions of its own preliminary injunction against several Wisconsin election-law deadlines, stating "NO voter can depend on any extension of deadlines . . . unless finally upheld on appeal." *Democratic Nat'l Comm. v. Bostelmann*, No. 20-CV-249-WMC, 2020 WL 5627186, at *2 (W.D. Wis. Sept. 21, 2020).

7. And just days ago, on September 27, 2020, in the same case, the Seventh Circuit granted a stay of the remaining portions of that district court's preliminary injunction. *Democratic Nat'l Comm. v. Bostelmann*, (Nos. 20-2835 & 20-2844) (7th Cir. Sept. 27, 2020) (Order granting Emergency Motions to Stay the Preliminary Injunction).

8. A grant of a motion to stay is "an exercise of judicial discretion," and the party requesting the stay bears the burden to show the court such discretion must be exercised. *Hilton v. Braunskill*, 481 U.S. 770, 770 (1987); *Nken v. Holder*, 556, U.S. 418, 434 (2009).

9. In granting a stay pending appeal, the court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Cmty. Pharmacies of Indiana, Inc. v. Indiana Family & Soc. Servs. Admin.*, 823 F. Supp. 2d 876, 878 (S.D. Ind. 2011).

10. The defendants are likely to succeed on the merits on appeal. The statutes at issue have merely set forth *state law* claims, procedures, standards, and remedies available. They do *not* preclude individual voters from bringing Section 1983 actions demanding extended polling-place hours in state court. [ECF 56 at 6]. Accordingly, the Court's injunction amounts to an order from a federal court directing state courts to hear certain kinds of state law claims, which is not a cognizable remedy under our federal system.

11. Furthermore, no court has ever held that, insofar as the Constitution protects a right to vote, it secures to voters a right to a state law claim to extend polling-place hours.  To be sure, the constitutional right to vote may in some

very limited circumstances afford a right to extended voting hours, but voters vindicate such a right through a federal law claim (via 42 U.S.C. § 1983), not a state law claim. And the enjoined statutes, again, have no bearing on a federal claim, no matter where it is brought. Because this Court's preliminary injunction rests on recognition of a right that does not exists, defendants are likely to succeed on appeal.

12. Furthermore, defendants, those charged with administering the election that's already started, will be harmed if the preliminary injunction stays in place. The Order granting a preliminary injunction enjoins the Defendants, in the name of constitutional protections of the right to vote, from enforcing Indiana Code 3-11.7-7-2, 3-11.7-7-3, and 3-11.7-7-4. It thereby imposes a last-minute change in procedures for Election Day, which will occur in just over a month. Yet "lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S.Ct. 1205, 1207 (2020) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006); *Frank v. Walker*, 574 U.S. 929 (2014); *Veasey v. Perry*, 135 S.Ct 9 (2014)).

13. Here, the Court's election-eve order may cause confusion for voters and Indiana trial courts who take the injunction to license, or even require, after-hours voting, which may perhaps lead to disparate closing hours for polling places. And under Indiana and federal law, any ballot collected after a court has extended polling-place hours must be provisional and subject to rejection

if the order extending hours is ultimately deemed unlawful. Indiana Code 3-11-8-11(c); 52 U.S.C. 21082. The order may thus instill in some voters a false sense of security about having a right to vote after hours on Election Day. And any state court lawsuits that follow such a misunderstanding will yield a more complicated and contentious Election Day and interfere with Defendants' Election Day duties.

14. Plaintiff, on the other hand, will not be harmed by a stay because Indiana voters still have an adequate remedy at law, i.e., claims under Section 1983 in either state or federal court to extend polling hours should threats to voting rights transpire on Election Day.

15. The public interest weighs in favor or a stay given the ways, described above, that defendants and voters alike may be harmed by the injunction.

Wherefore, Defendants respectfully requests that this Court grant their Motion to Stay.

Respectfully Submitted,

Office of the Attorney General of Indiana

Date: <u>September 29, 2020</u>   By:   Jefferson S. Garn
Attorney No. 29921-49
Deputy Attorney General
OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 234-7119
Email: Jefferson.Garn@atg.in.gov