UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA                        ) | |
|                                             ) | |
|     Plaintiff,          ) | |
|                                             ) | Case No. 1:20-cv-1825-RLY-TAB |
|   v.                              ) | |
|                                             ) | |
| CONNIE LAWSON, in her official capacity     ) | |
| as the Indiana Secretary of State, PAUL     ) | |
| OKESON, S. ANTHONY LONG,                    ) | |
| SUZANNAH WILSON OVERHOLT, and               ) | |
| ZACHARY E. KLUTZ, in their official         ) | |
| Capacities as members of the Indiana        ) | |
| Election Commission; J. BRADLEY KING        ) | |
| and ANGELA NUSSMEYER, in their              ) | |
| official capacities as co-directors of the  ) | |
| Indiana Election Division; and RAY ADLER,   ) | |
| PAUL RAUSCH, KEVIN C. SMITH, and            ) | |
| RANDALL VONDERHEIDE, in their official      ) | |
| capacities as county election officials, and as ) | |
| representatives of a class of all members of ) | |
| Indiana county election boards and boards of ) | |
| elections and registration,                 ) | |
|                                             ) | |
|     Defendants.         ) | |

## **REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

    The State Defendants, by counsel, respectfully submit this reply in support of their Motion for Stay Pending Appeal.

    **I.**    **State Defendants may raise the same arguments in its motion to stay as it did in its response in opposition to the preliminary injunction and did not waive a *Purcell* argument**

    Plaintiff continues to argue that State Defendants' interpretation of the Standing Amendment is unreasonable because the challenged provision contains no carve-out for Section 1983 claims, and that State Defendants are not likely to win

1

on appeal because of this allegedly unreasonable interpretation. Plaintiffs also assert, with no real explanation, that because the district court did not expressly rule on this issue in its Order, State Defendants cannot continue to assert this argument in support of why they are likely to succeed on appeal. *See* ECF No. 82 at 2–3.

State Defendants, however, are likely to succeed on appeal precisely because of this argument. It is well established that, even if a statute restricting or limiting a party's ability to bring suit does not expressly contain a carve out for Section 1983 claims, a court will interpret the statute to require that the state law "must *give way* to vindication of the federal right when that right is asserted in state court." *Felder v. Casey*, 487 U.S. 131, 153 (1988) (emphasis added) (where Wisconsin law said that "no action may be brought or maintained against any state [agency or official]" unless the plaintiff filed a notice of claim within 120 days of an injury before bringing suit in state court, this statutory requirement would be applied only to state law claims and not Section 1983 claims).

Crucially, in *Felder* the Supreme Court did not entirely invalidate Wisconsin's notice-of-claim statute as violating the Supremacy Clause—even though on its face the statute applied to all actions and contained no carve-out for Section 1983 claims. It instead read the law as limited to state-law claims. Lower courts faced with similar challenges have followed this approach as well. *See, e.g.*, *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989) (Washington notice of claim requirement for tort claims inapplicable to Section 1983 actions brought in state

court); *George v. Hatcher*, 527 N.E.2d 199, 200 (Ind. Ct. App. 1988) (concluding that preemption precluded enforcing the provision of the Indiana Tort Claims Act requiring notice before filing suit against a government employee or agency for Section 1983 claims, but declining to hold the Indiana Tort Claims Act unenforceable in its entirety).

Here, too, the Standing and Remedies Amendments is inapplicable to Section 1983 claims just as the Indiana Tort Claims Act is inapplicable to Section 1983 claims. However, the district court erred by enjoining the Standing and Remedies Amendments in their entirety, rather than allowing them to remain in place for claims arising out of state law and not Section 1983 claims. Because the district court enjoined the Standing and Remedies Amendments without giving credence to the doctrine of constitutional avoidance, State Defendants are likely to succeed on appeal.

Furthermore, State Defendants did not waive a *Purcell* argument despite statements made about the Amendments being less burdensome than other potential changes to election procedures. State Defendants received a 25-day extension to respond to Plaintiff's Motion for Preliminary Injunction that Plaintiff filed on July 8, 2020, a little over a year after the challenged Amendments took effect. Plaintiff does not address the fact that, even without the 25-day extension, appellate review likely would not have been completed in time for the November 3 election given an ordinary appellate briefing schedule.

3

Additionally, the Seventh Circuit has recognized the *Purcell* doctrine as cautioning federal courts against granting emergency relief on the eve of an election. *See FreeEats.com v. Indiana*, 502 F.3d 590, 598 n.9 (7th Cir. 2007) (; *see also Libertarian Part of Ill. v. Cadigan*, No. 20-1961, 2020 WL 5104251 at *4 (recognizing that the "Supreme Court has instructed that federal courts should refrain from changing state election rules as an election approaches"). The *Purcell* doctrine applies regardless of whether parties raise the argument in briefing, as the doctrine limits federal courts' exercise of their equitable authority. *Republican Nat'l Comm. v. Dem. Nat'l Comm.*, 140 S.Ct. 1205, 1207 (2020) ("when a lower court intervenes and alters the election rules so close to the election date, our precedents indicate that this Court, as appropriate, should correct that error").

Indeed, two recent orders—one from the Supreme Court (Attachment A) and one from the Ninth Circuit (Attachment C)—emphasize the importance of the *Purcell* doctrine. First, last night the Supreme Court granted a stay of an injunction pending resolution of an appeal currently before the Fourth Circuit Court. *See* Attachment A. South Carolina officials had filed an emergency stay application on October 1, 2020 (Attachment B), requesting the Supreme Court to stay a preliminary injunction enjoining them from enforcing a state law requiring absentee ballots to be signed under oath and to be signed by one additional person who witnesses the signing of the ballot. Attachment B at 4. A Fourth Circuit panel had initially stayed the injunction, but the Fourth Circuit en banc vacated that stay: In support of their application, the officials described the Fourth Circuit's *en*

4

*banc* decision to vacate the staying as a "textbook example of the type of confusion that *Purcell* prohibits." Attachment B at 31. The officials noted that, as here, the State had already begun mailing absentee ballots to voters, raising the risk that voters may return ballots in reliance on an unlawful, soon-to-be-reversed preliminary injunction. Attachment B at 12.

In apparent agreement with the officials' argument, the Supreme Court granted the stay without opinion or dissent. And Justice Kavanaugh wrote a concurring opinion that emphasized the Court's longstanding rule that "federal courts ordinarily should not alter state election rules in the period close to an election." Attachment A at 2 (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam)). Justice Kavanaugh further said that "the District Court defied that principle and this Court's precedents" by enjoining the South Carolina law so close to the election. Attachment A at 2.

Second, earlier today the Ninth Circuit granted the State of Arizona's motion for a stay pending appeal in a case challenging the State's deadline for receipt of absentee ballots. *See Ariz. Democratic Party v. Hobbs*, No. 20-16759, slip op. at 4 (9th Cir. Oct. 6, 2020). The district court had issued a preliminary injunction barring the State from enforcing its ballot-receipt deadline on the ground that the deadline imposed "unjustifiable burdens on the right to vote" under *Anderson/Burdick*. *Arizona Democratic Party v. Hobbs*, No. CV-20-01143-PHX-DLR, 2020 WL 5423898, at *13 (D. Ariz. Sept. 10, 2020). There the district court had extended Arizona's Election-Day ballot-receipt deadline by five business days

and only for the purpose of curing otherwise-timely mail-in ballots that lacked the signature required under Arizona law. *Id.* at *14.

The Ninth Circuit stayed the district court's preliminary injunction, explaining that "the State's probability of success on the merits is high" *and* that "the public interest is well served by preserving Arizona's existing election laws, rather than by sending the State scrambling to implement and to administer a new procedure for curing unsigned ballots at the eleventh hour." *Ariz. Democratic Party*, No. 20-16759, slip op. at 8. And with respect to the public interest, the Ninth Circuit concluded that requiring voters to comply with a clear Election-Day deadline is a "minimal" burden that does not outweigh the State's weighty interest in enforcing its existing election laws. Slip op. at 9. This is all the more true in the context of a challenges seeking last-minute changes to election rules, for "the Supreme Court 'has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.'" Slip op. at 8 (quoting *Republican Nat'l Committee*, 140 S. Ct. at 1207, and citing *North Carolina v. League of Women Voters of N.C.*, 574 U.S. 927 (2014) (mem.); *Husted v. Ohio State Conference of NAACP*, 573 U.S. 988 (2014) (mem.); and *Purcell*, 549 U.S. 1).

## II. The Seventh Circuit denied a stay in *Bostelmann* because the parties seeking appellate review had not presented a case or controversy

Plaintiff mischaracterizes the Seventh Circuit's order denying the motions for stay in *Bostelmann*. The Seventh Circuit merely noted that the practical effect of a "decision with respect to a stay will effectively decide the appeal on the merits."

*Democratic Nat'l Comm. v. Bostelmann*, No. 20-2835, 2020 WL 5796311 at *1 (7th Cir. Sept. 29, 2020). The Seventh Circuit did not characterize this as a "backdoor" method of deciding the appeal on the merits as Plaintiff alleges. *See* ECF No. 82 at 4. Critically, the Seventh Circuit did not decline to issue a stay for this reason. The Seventh Circuit declined to issue a stay because "[n]one of the appellants has suffered an injury to its own interests, and the state's legislative branch [was] not entitled to represent Wisconsin's interest as a polity." *Bostelmann*, 2020 WL 5796311 at *2 ("But the appeals by the intervenors do not present a case or controversy within the scope of Article III, and we deny the motions for a stay," citing to *Republican National Committee v. Common Cause Rhode Island*, No. 20A28, 2020 WL 4680151 (S. Ct. Aug. 13, 2020) where the Court denied a motion to stay under similar circumstances).

The Seventh Circuit's order in *Bostelmann* does not foreclose granting a motion for a stay pending appellate review and should not inform this Court's decision on whether to grant a stay pending appeal in this matter.

***

The mere fact that the district court granted Plaintiff's preliminary injunction does not foreclose State Defendants from requesting a stay pending appellate review. This is precisely the procedure prescribed by Federal Rule of Appellate Procedure 8, which provides that a party seeking an injunction pending appeal from the Court of Appeals "must ordinarily move first in the district court." Fed. R. App. P. 8(a).

State Defendants seek a stay of this Court's preliminary injunction in order to preserve the status quo ante for the upcoming November 3 election. Stays and injunctions pending appeal are thus typically used to prevent changes to the status quo or delay enforcement of a judgment that would cause irreparable harm or effectively prevent appellate adjudication. *See, e.g., In re A & F Enterprises, Inc. II, et al. v. IHOP Franchising LLC, et al.*, 742 F.3d 763, 765–66 (7th Cir. 2014). Furthermore, the balance of harms weighs in favor of State Defendants, who have now been enjoined to instruct . . . , including state law claims to extend polling-place hours brought in state court. *See New Motor Vehicle Bd. Of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) ("any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.").

For the foregoing reasons, this Court should grant State Defendants' motion to stay.

                                        Respectfully Submitted,

                                        Office of the Attorney General of Indiana

Date: <u>October 6, 2020</u>        By:    Jefferson S. Garn
                                                   Attorney No. 29921-49
                                                   Deputy Attorney General
                                                   OFFICE OF INDIANA ATTORNEY GENERAL
                                                   Indiana Government Center South, 5th Floor
                                                   302 West Washington Street
                                                   Indianapolis, Indiana 46204-2770
                                                   Phone: (317) 234-7119
                                                   Email: Jefferson.Garn@atg.in.gov