UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, <br><br> *Plaintiff* <br><br> v. <br><br> CONNIE LAWSON, in her official capacity as Indiana Secretary of State; PAUL OKESON, S. ANTHONY LONG, SUZANNAH WILSON OVERHOLT, and ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission; J. BRADLEY KING and ANGELA NUSSMEYER, in their official capacities as co-directors of the Indiana Election Division; and RAY ADLER, PAUL RAUSCH, KEVIN C. SMITH, and RANDALL VONDERHEIDE, in their official capacities as county election officials, and as representatives of a class of all members of Indiana county election boards and boards of elections and registration, <br><br> *Defendants.* | Case No. 1:20-cv-1825-RLY-TAB |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SURREPLY IN OPPOSITION TO STATE DEFENDANTS'
<u>MOTION FOR STAY PENDING APPEAL</u>**

Common Cause Indiana respectfully asks the Court for leave to file a surreply in opposition to State Defendants' motion to stay this Court's preliminary injunction pending appeal. ECF No. 78 (hereafter "Motion to Stay"). Plaintiff filed a memorandum in Opposition to the Motion to Stay on September 30. ECF No. 82. On October 6, 2020, State Defendants filed a reply, introducing new arguments in support of its Motion to Stay and citing recent orders in other cases involving challenges to election laws. ECF No. 85. Plaintiff seeks leave to file a

1

surreply in order to respond to these new arguments.  In support of this motion, Plaintiff states as follows:

1. "New arguments and evidence may not be raised for the first time in a reply brief.  Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019).  When a party nonetheless advances new arguments in a reply, courts may allow the nonmoving party to file a surreply to address those new arguments.  *Id.  See also Reis v. Robbins*, No. 4:14-CV-00063-RLY-TA, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015) (recognizing that a surreply sometimes "serves to prevent the nonmoving party from being sandbagged").  "The decision whether to grant a motion for leave to file a surreply is within the Court's discretion." *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 857 (N.D. Ill. 2015) (citing *Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir.1999)).

2. In their reply, State Defendants cite two recent orders—one by the Supreme Court and one by the Ninth Circuit—in support of their theory that the Seventh Circuit will overturn this Court's preliminary injunction based on the reasoning of *Purcell v. Gonzalez*, 549 U.S. 1 (2006).  ECF No. 85 at 4-6 (citing recent orders in *Andino v. Middleton*, No. 20A55 (U.S.) and *Ariz. Democratic Party v. Hobbs*, No. 20-16759 (9th Cir.)).  State Defendants raise new arguments based on these new orders, and Plaintiff should be given the opportunity to respond.

3. In addition to citing these new orders, State Defendants raise a new argument based on a Supreme Court decision from 1988, which they did not cite in any of their previous briefing.  *See* ECF No. 85 at 2.  State Defendants now suggest for the first time that

conflict-preemption principles support their contention that the Challenged Amendments should be interpreted to apply only to state-law claims. In support of this novel argument, State Defendants cite *Felder v. Casey*, 487 U.S. 131 (1988), a case whose relevance to Plaintiff's claims Plaintiff has not yet had the opportunity to brief before this Court. Plaintiff should be given the opportunity to do so.

For the foregoing reasons, Plaintiff seeks leave to file a surreply in opposition to State Defendants' Motion to Stay. Plaintiff's proposed surreply brief is attached hereto as Exhibit A.

Dated: October 7, 2020                    Respectfully submitted,

*/s/ Gregory M. Schweizer*
Gregory M. Schweizer
Brent R. Austin (*admitted pro hac vice*)
Sarah Kinter (*admitted pro hac vice*)
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7648 (tel.)
(312) 692-1718 (fax)
gschweizer@eimerstahl.com
baustin@eimerstahl.com
skinter@eimerstahl.com

Aneel L. Chablani (*admitted pro hac vice*)
Ami Gandhi (*admitted pro hac vice*)
Jennifer Terrell (*admitted pro hac vice*)
Chicago Lawyers' Committee for Civil Rights
100 North LaSalle Street
Suite 600
Chicago, IL 60602
(312) 888-4191 (tel.)
(312) 630-1127 (fax)
achablani@clccrul.org
agandhi@clccrul.org
jterrell@clccrul.org

Ezra Rosenberg (*admitted pro hac vice*)
Bradley Phillips (*admitted pro hac vice*)
Ryan Snow (*admitted pro hac vice*)
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW
Suite 900
Washington, DC 20005
(202) 662-8600 (tel.)
(202) 783-0857 (fax)
erosenberg@lawyerscommittee.org
bphillips@lawyerscommittee.org
rsnow@lawyerscommittee.org

*Attorneys for Common Cause Indiana*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2020, the foregoing was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

Dated: October 7, 2020                                 */s/ Gregory M. Schweizer*
                                                              Gregory M. Schweizer