UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01825-RLY-TAB |
| | ) | |
| CONNIE LAWSON, in her official capacity as Indiana Secretary of State; | ) | |
| PAUL OKESON, | ) | |
| S. ANTHONY LONG, | ) | |
| SUZANNAH WILSON OVERHOLT, and | ) | |
| ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission; | ) | |
| J. BRADLEY KING and | ) | |
| ANGELA NUSSMEYER, in their official capacities as co-directors of the Indiana Election Division; and | ) | |
| RAY ADLER, | ) | |
| PAUL RAUSCH, | ) | |
| KEVIN C. SMITH, and | ) | |
| RANDALL VONDERHEIDE, in their official capacities as county election officials, and as representatives of a class of all members of Indiana county election boards and boards of elections and registration, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR STAY PENDING APPEAL**

Now pending before the court is a request by the State Defendants—Secretary of State Connie Lawson, Indiana Election Commission members Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz, and Indiana Election Division Co-Directors J. Bradley King and Angela Nussmeyer—to stay all pretrial proceedings,

1

including the enforcement of this court's preliminary injunction, while the case is pending on appeal. For the reasons that follow, that motion is **DENIED**.

### I.  Background

The details of this case are set out in more detail in this court's entry on Plaintiff's motion for preliminary injunction. For purposes of this motion, the following facts are relevant.

In 2019, the Indiana General Assembly passed several amendments to the state's Election Code. Among them were the three statutes at issue in this case (the "Challenged Amendments"). Under the Standing Amendment, "[o]nly a county election board has standing in an Indiana court or with any other state governmental entity to file an action or petition to request the extension of the hour for closing the polls by the court or entity." Ind. Code § 3-11.7-7-2(a). Polls in Indiana open at 6 a.m. and close at 6 p.m. *Id.* § 3-11-8-8(a). The board may only file an action upon the unanimous vote of its members. *Id.* § 3-11.7-7-2(b). Prior to 2019, voters could go directly to state court to seek an extension of polling place hours when they encountered barriers to casting their ballot. (Filing No. 3-34, Declaration of Julia Vaughn ¶ 3). These barriers could include a closed polling location or some other condition at a polling site that prevented the voter from casting a ballot. *Id.*

The Remedies Amendment limits any extension to only those polls "whose opening was delayed or which closed during" normal voting hours, and for a period of time not more than the time the polls were closed. Ind. Code § 3-11.7.7.4. Before issuing an order extending polling hours, the Remedies Amendment requires the court to

make the following six findings: (1) the polling location was "substantially delayed in opening"; (2) the specific precincts or vote centers[1] that experienced delays; (3) how long the polling location was closed; (4) substantial evidence exists that voters were prevented from casting a ballot due to the delay or closure of the polling location; (5) the harm can only be ameliorated by an extension of polling hours; and (6) the county election board filed written notice with the Secretary of State and the election division indicating that that county election board both filed the action or petition with the court to extend hours and received confirmation from the court of the receipt of the filings.[2]  *Id.* § 3-11.7-7-3(a).  If the court is unable to make these findings, the court "shall not" issue an order extending polling hours.  *Id.* § 3-11.7-7-3(b).

      Common Cause Indiana sued to enjoin the Challenged Amendments, arguing they burden the fundamental right to vote and violate the Supremacy Clause.  Common Cause also argued the Standing Amendment violates procedural due process.  This court agreed that the Challenged Amendments unconstitutionally burden the fundamental right to vote, so the court did not reach the Supremacy Clause or due process arguments.  The court issued its entry granting Plaintiff's motion for preliminary injunction on September 22, 2020.[3]  The State Defendants filed their notice of appeal on September 29, 2020.  This motion to stay followed.

---

[1] Some counties in Indiana establish vote centers, while others use the precincts.  (Filing No. 3-34, Meredith Decl. ¶ 34).
[2] The sixth required finding was included under a 2020 amendment.  P.L. 141-2020.
[3] When the court issued its entry granting Plaintiff's motion for preliminary injunction, the court inadvertently failed to issue a separate order on the preliminary injunction.  When Defendant's

## II. Legal Standard

When deciding a motion for stay pending appeal, the court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987). The first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "It is not enough that the chance of success on the merits be better than negligible. . . . By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor." *Id.* (quotations and citations omitted). The decision to grant a motion to stay is "an exercise of judicial discretion," and the party requesting a stay bears the burden of demonstrating that the court should exercise that discretion. *Id.* at 433-34.

## III. Discussion

### A. Likelihood of Success

In granting the preliminary injunction, this court already concluded that Common Cause was likely to succeed on its claim that the Challenged Amendments unconstitutionally burden the right to vote. When a voter faces disenfranchising conditions at her polling place, the Standing Amendment denies her standing in state court to file "an action or petition to request the extension of the hour for closing the

---

filed their motion to stay, they requested this court issue a standalone order. That order was issued on September 29, 2020.

polls."  The court concluded this burdens the right to vote because it could deny voters an opportunity to vindicate their right to vote by seeking relief in state court.  The Remedies Amendment also burdens the right to vote because it prohibits Indiana courts from extending poll hours unless the polling location was physically closed; the law does not authorize relief if a voter faces some other disenfranchising condition at the polls.

Defendants argue they are likely to succeed on appeal because the Challenged Amendments only set forth *state* law claims, procedures, standards, and remedies; they do not preclude voters from bringing a federal action under 42 U.S.C. § 1983 in state court seeking extended polling hours.  In Defendants' view, if a voter believes her right to vote has been infringed and an extension of polling hours is necessary, the proper legal course of action is through a federal law claim under Section 1983, not a state law claim.  Because the Challenged Amendments have no bearing on a federal claim, Defendants argue there is no constitutional issue.[4]

The court is not persuaded that the Standing Amendment is reasonably subject to Defendants' desired interpretation.  A court may interpret "ambiguous statutory language" to "avoid serious constitutional doubts."  *Iancu v. Brunetti*, 139 S. Ct. 2294, 2301 (2019) (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 516 (2009).  In considering

---

[4] This argument mirrors Defendants' argument in their brief opposing a preliminary injunction that the Challenged Amendments can be interpreted in a way that does not violate the Supremacy Clause.  Having concluded that the Challenged Amendments unconstitutionally burden the right to vote, the court did not reach the Supremacy Clause issue when it issued the preliminary injunction.  The court addresses that issue here in the interest of providing additional reasoning for why it granted the preliminary injunction and to further explain its conclusion that Defendants are not likely to win on appeal.

a facial challenge to a statute, a court may "impose a limiting construction on a statute only if it is 'readily susceptible' to such a construction." *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 844 (1997) (quoting *Virginia v. Am. Booksellers Assn., Inc.*, 484 U.S. 383, 397 (1988)). But a court "will not rewrite a state law to conform it to constitutional requirements." *Am. Booksellers*, 484 U.S. at 397.

The Standing Amendment confers standing exclusively to county election boards to file "an action or petition to request the extension of the hour for closing the polls." Defendants argue this language only refers to state law actions to extend polling hours, not federal actions. In Defendants' view, this language should be read to mean, "an action or petition *except Section 1983 actions*" seeking extended polling hours. But the plain language of the statute makes no such distinction. It simply states that only county election boards have standing to bring "an action or petition to request the extension of the hour for closing the polls." In this context, "an action or petition" is most reasonably interpreted to mean "*any* action or petition," which would include state and federal claims. To read the Standing Amendment as Defendants suggest "requires rewriting, not just reinterpretation." *United States v. Stevens*, 559 U.S. 460, 481 (2010).

As for the Remedies Amendment, which requires the court to make certain findings "[b]efore issuing an order under this chapter," Defendants argue that it applies only to actions brought under that chapter of the Indiana Code, which does not include Section 1983 claims. But the Standing Amendment is part of the same chapter that establishes the Remedies Amendment's scope. As already discussed, the Standing Amendment denies standing to a voter to bring either a state or federal claim in state

6

court to extend polling hours. Because a voter lacks standing to file a state law or Section 1983 claim under the Standing Amendment, the Remedies Amendment cannot provide an adequate remedy to voters seeking extended polling hours under either state law or Section 1983.

Moreover, while the court did not reach this argument when it issued the preliminary injunction, the statutory scheme under the Challenged Amendments likely violates the Supremacy Clause. Indiana, having created "courts of general jurisdiction that regularly sit to entertain" Section 1983 suits, may not divest those courts of jurisdiction to hear "only a particular species of [such] suits." *Haywood v. Drown*, 556 U.S. 729, 739-40 (2009). The Standing Amendment prevents state courts from hearing "an action or petition" seeking "the extension of the hour for closing the polls" unless the action or petition is brought by a unanimous county election board. As discussed above, "an action or petition" includes Section 1983 claims. The Standing Amendment therefore divests state courts of jurisdiction to hear "only a particular species" of Section 1983 suits: those brought by any plaintiff other than a unanimous county election board against election officials seeking an extension of polling hours.

Similarly, the Remedies Amendment prevents a state court from extending polling hours unless the polling location was either delayed in opening or physically closed during voting hours. Section 1983 ordinarily permits a court to grant injunctive relief in the form of extended polling hours when a voter faces disenfranchising conditions at a polling place on Election Day. But the Remedies Amendment withdraws from state courts the authority to provide a form of relief otherwise available under federal law.

7

Defendants cite *Felder v. Casey* to argue that even if a statute restricting a party's ability to bring suit does not contain a carve out for Section 1983 claims, courts should interpret the statute to require that the state law give way to allow for the vindication of a federal right in state court.  487 U.S. 131, 153 (1988).  But *Felder* does not apply to this case.  The law in *Felder* said that "no action may be brought or maintained" in state court against a state agency or officer unless the claimant filed a notice of claim within 120 days of the injury.  *Id.* at 136.  The Court struck down the law on conflict preemption grounds because the law imposed procedural rules that burdened the exercise of a federal right in state court.  *Id.* at 141.  But under the Standing Amendment, a plaintiff's Section 1983 claim in state court would not fail for being procedurally deficient; the state court would simply lack the authority to hear the claim.  Thus, as the dissent in *Haywood* pointed out, "the *Felder* line of cases is inapplicable" to a case where a state law prohibits a state court from hearing the Section 1983 claim at all.  556 U.S. at 767 (Thomas, J., dissenting).

In their motion to stay the preliminary injunction, Defendants do not appear to challenge the court's conclusion that the Challenged Amendments fail the *Anderson-Burdick* test.  The Challenged Amendments deny Indiana voters the opportunity to vindicate their right to vote by filing an action in state court seeking an extension of polling hours when faced with a variety of disenfranchising conditions on Election Day.  Because the court does not find the Challenged Amendments to be subject to Defendants' proposed construction, Defendants are not likely to succeed on appeal.

**B.     Irreparable Harm to State Defendants**

Defendants next argue they will be harmed if the preliminary injunction remains in place because Election Day is a few weeks away and there is insufficient time to resolve Defendants' appeal.  Defendants also suggest the timing of the preliminary injunction could confuse voters and Indiana courts and lead to a more complicated Election Day, which would interfere with Defendants' Election Day duties.

The court does not agree that enjoining the Challenged Amendments will harm Defendants, and Defendants' reliance on *Purcell v. Gonzalez*, 549 U.S. 1 (2006), is misplaced.  Under *Purcell*, lower courts should ordinarily not change election laws just prior to an election because doing so could cause voter confusion and deter voter participation.  *Id.* at 4-5.  But the concerns animating *Purcell* and its progeny are not present in this case.  This court's decision to preliminarily enjoin the Challenged Amendments poses little risk of disrupting Indiana's election process or confusing voters.  The laws only pertain to Election Day activities, so they have no effect on any aspect of the election process up until then; any ongoing early voting activity is unaffected by the injunction.[5]  Recent cases resulting in stays of preliminary injunctions, including those cited by Defendants, involve very different election laws.  On October 5, 2020, the Supreme Court stayed a district court's preliminary injunction enjoining the enforcement of a South Carolina law that required voters to sign absentee ballot envelopes in the presence of a witness.  *Andino v. Middleton*, No. 20A55, 2020 WL 5887393 (U.S. Oct. 5, 2020).  The Court's order did not include an opinion, but Justice Kavanaugh's

---

[5] The court expresses no opinion regarding whether *Purcell* requires a stay in all cases when a challenged law affects ongoing election activities.

9

concurrence relied in part on *Purcell*'s instruction that "federal courts ordinarily should not alter state election rules in the period close to an election." *Id.* at *1 (Kavanaugh, J. concurring). As the South Carolina officials noted in their Emergency Application for Stay, over 150,000 absentee ballots had already been mailed out. (Filing No. 85-2, Emergency Application for Stay, at 12). While absentee and early voting has begun in Indiana, the Challenged Amendments have no bearing on those activities. The South Carolina law, on the other hand, imposed requirements on absentee voting procedures.

Similarly, the Ninth Circuit's decision on October 6, 2020 to stay a preliminary injunction barring the State of Arizona from enforcing its absentee ballot-receipt deadline does not persuade the court that a stay is warranted in this case. *Arizona Democratic Party v. Hobbs*, No. 20-16759, 2020 WL 5903488 (9th Cir. Oct. 6, 2020). The district court in that case had extended the deadline to receive absentee ballots, but only for the purpose of curing an otherwise-timely mailed ballot that lacked the voter's signature. *Arizona Democratic Party v. Hobbs*, No. CV-20-01143-PHX-DLR, 2020 WL 5423898, at *14 (D. Ariz. Sept. 10, 2020). In staying the injunction, the Ninth Circuit explained that "as we rapidly approach the election, the public interest is well served by preserving Arizona's existing election laws, rather than by sending the State scrambling to implement and to administer a new procedure for curing unsigned ballots at the eleventh hour." *Hobbs*, 2020 WL 5903488, at *2. *See also Tully v. Okeson*, No. 20-2605, 2020 WL 5905325, at *1 (7th Cir. Oct. 6, 2020) (affirming the district court's denial of a request for preliminary injunction requiring Indiana to implement no-excuse absentee voting, in part because "[g]iven that voting is already underway in Indiana, we have

crossed *Purcell*'s warning threshold and are wary of turning the State in a new direction at this late stage."). But like *Andino*, the Arizona and Indiana laws pertained to procedures governing absentee voting that was already underway. The Challenged Amendments have no effect on early voting or absentee voting.

Moreover, it cannot be said that enjoining the Challenged Amendments "fundamentally alters the nature of the election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (staying a district court's decision to grant a preliminary injunction requiring Wisconsin to count absentee ballots postmarked after Election Day). Enjoining the Challenged Amendments simply reinstates the process that voters have relied on in past elections. Defendants have also not demonstrated how enjoining the Challenged Amendments will interfere with their Election Day duties, other than relieving county election officials of the responsibility of bringing lawsuits to extend voting hours. Therefore, Defendants have not demonstrated they will suffer harm absent a stay.

### C.   Substantial Injury to Other Parties

Defendants' argument regarding harm to Common Cause turns on their proposed interpretation of the Challenged Amendments. Defendants suggest Common Cause will not be harmed by a stay because Indiana voters still have an adequate remedy at law—a claim under Section 1983 in either state or federal court to extend polling hours. But as already discussed, the Challenged Amendments do not permit voters to file a Section 1983 claim in state court. Defendants' suggestion that a would-be plaintiff can instead file her Section 1983 claim in federal court also fails. Having denied voters access to

11

Indiana courts to file a Section 1983 claim, Defendants may not remedy their unconstitutional scheme by directing would-be plaintiffs to federal court.  Common Cause and their members face substantial harm if the injunction is stayed.

### D. Public Interest

Defendants also argue the preliminary injunction should be stayed to avoid voter confusion.  As described above, the preliminary injunction is not likely to lead to "judicially created confusion" that could reduce voter turnout.  *Republican Nat'l Comm.*, 140 S. Ct at 1207.  It simply restores the status quo from the last statewide election.  The public interest does not require staying the preliminary injunction.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion for Stay Pending Appeal (Filing. No. 78) is **DENIED**.

**SO ORDERED** this 9th day of October 2020.

                                                                                    RICHARD L. YOUNG, JUDGE
                                                                                    United States District Court
                                                                                    Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.